THE VICTOR SEWING MACHINE Co. v. JULIA A. JACOBS AND ALBERT H. JACOBS.

*Fraud against creditors—Executed parol arrangements for transfer.*

A decedent's estate was bid in on foreclosure for the benefit of the widow and heirs, and the purchaser conveyed it to the widow for the benefit of an invalid son to whom, in pursuance of this arrangement, she afterward conveyed the title thus received. Meanwhile she became liable as a surety, and her creditors having obtained judgment against her, in a suit brought after these arrangements were carried out, filed a bill to set aside the deed to her son. *Held* that he had prior equities and that the bill must be dismissed.

Where a bill to set aside a deed sets up arrangements which are admitted and which do not appear, as alleged, to be lacking in any legal formalities, it must be assumed that they are legal and could be proved if not admitted.

Where unwritten arrangements for the transfer of title are such that, if violated, proceedings would lie to vindicate them as against actual or constructive fraud, and where they are carried into execution and cease to be executory before the grantor's liability to a third person is perfected, it is doubtful how far the latter can set up previous informalities against the deed in a proceeding to set it aside as in fraud of creditors.

Appeal from the Superior Court of Grand Rapids. Submitted June 29. Decided July 1.

BILL in aid of execution. Defendants appeal. Reversed; bill dismissed.

*Albert H. Standish* for complainant.

*Isaac H. Parrish* for defendant.

CAMPBELL, J. The bill in this cause is filed in aid of an execution against Julia A. Jacobs and two other judgment debtors, to set aside a conveyance from her to Albert H. Jacobs, as fraudulent and voluntary. The deed was made August 28, 1877, and the judgment was rendered in a suit subsequently commenced on a suretyship undertaking made in 1873.

The deed would undoubtedly be void as against complain-

ant, unless made good by equities in favor of the grantee. Those equities are set up and agreed upon as follows :

Julia Jacobs was widow of Benjamin F. Jacobs, who died many years ago, leaving as his heirs at law eight children, including Albert. After his death a mortgage which existed on this land, of which he died seized, was foreclosed in chancery, and the estate was bid off by Wilder D. Foster, for the benefit of the widow and heirs. It was subsequently agreed among them that the property should be conveyed by Foster to some one of the family for the benefit of Albert, who was an invalid, and the title that Mrs. Jacobs conveyed to him had been received by her to carry out the arrangement. We omit some particulars amplifying the arrangements.

There is no evidence given, and no admission, of any actual fraud, and the whole case depends on the claim that the conveyance was voluntary.

It can hardly be doubted that these facts create an equity in Albert which was prior to any supposed equities of complainant.

But it is claimed that no agreement is made out that he could have enforced, under the statute of frauds. This position cannot be taken under the record. When arrangements are set up and admitted, which do not appear as alleged to have been lacking in any legal formalities, it must be assumed that they are legal, and could have been proved if not admitted. It is moreover highly probable that whether dependent on writings or not, the arrangements were such that if violated they might have warranted proceedings to vindicate them as against actual or constructive fraud. And inasmuch as they were carried into execution and ceased to be executory, before complainant brought suit at law, it is very questionable how far previous informalities could have been set up against the deed.

Upon the whole case we think complainant has no right to disturb the deed. The decree must be reversed and the bill dismissed, with costs of both courts.

The other Justices concurred.